UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY MARTIN, NATURAL TUTRIX**<br>**O/B/O her minor children, CODY**<br>**ARCHULETA AND COLLIN**<br>**ARCHULETA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1770** |
| **MICHAEL DAVIS, DWAYNE J.**<br>**MUNCH, SR., and WESTWEGO**<br>**POLICE DEPARTMENT** | **SECTION "C"(3)** |

The defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6), which came before the Court for hearing on July 5, 2006 . Oral argument was not entertained by the Court. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I    BACKGROUND**

On or about March 30, 2005, Christopher Archuleta was involved in a domestic disturbance with his ex-wife, Kelly Martin. By the time the Westwego Police Department was notified of the disturbance, Mr. Archuleta had already departed the home. As he was driving away from the residence, his vehicle was stopped by the defendant, Michael Davis. During the stop, Mr. Archuleta exited his vehicle, allegedly unarmed. At this time, the plaintiffs contend

that Michael Davis, using his badge and authority as a police officer, suddenly and without just or probable cause, fired his weapon at Mr. Archuleta, causing fatal injuries.

Kelly Martin, Natural Tutrix, O/B/O of her minor children, Cody Archuleta and Collin Archuleta, brings the instant action.

## II.     LAW AND ANALYSIS OF THE COURT

### A.     RULE 12(B)(6)

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980).  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  The Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey v. Texas A&M University System, 117 F.3d 242 (5th Cir. 1997), citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

### B.     THE CITY OF WESTWEGO WAS NAMED AS A DEFENDANT THROUGH THE WESTWEGO POLICE DEPARTMENT.  THE WESTWEGO POLICE DEPARTMENT IS NOT A PROPER PARTY.

The caption of plaintiff's lawsuit names three defendants, Michael Davis, Dwayne J. Munch, Sr., and the Westwego Police Department.  The defendants contend that as the police department is not a juridical entity capable of suing or being sued, plaintiff's petition fails to

state a claim upon which relief can be granted because the Westwego Police Department is not the proper party defendant in the captioned matter.  The defendants argue that plaintiff's suit against the police department should be dismissed because the police department is not a juridical entity.

It is well settled under Louisiana law that the caption of the pleading is not controlling, rather, courts are obligated to determine the substance of the pleading.  Atchly v. Atchly, (La. App. 5 Cir. 5/30/01), 788 So2d 690; Brown v. Harrel (La. App. 4 Cir. 8/23/00), 774 So.2d 225.  Every pleading is construed so as to do substantial justice and the caption does not control.  LSA-C.C.P. Art. 865.  Within the substance of plaintiff's original Petition, the "Westwego Police Department, through the City of Westwego, a political body organized and existing under the laws of the State of Louisiana, who at all times pertinent herein was the employer of the defendant, Michael Davis," is named.  In its Motion to Dismiss, defendants note that the intended defendant is "unclear, as plaintiff's petition refers to, at different points, 'The Westwego Police Department,' 'The Westwego Police Department through the City of Westwego,' and 'The Westwego Police Department and The City of Westwego.'"  Viewed in the light most favorable to the plaintiff and with every doubt resolved in her behalf, the complaint states a valid claim for relief against the City of Westwego.  Defendant's motion to dismiss plaintiff's claims against the "Westwego Police Department, through the City of Westwego" is DENIED.

Within the substance of plaintiff's First Amended and Clarifying/Reinstated Complaint, plaintiff has named the Westwego Police Department as a defendant.[1]   Under Louisiana law,

---

[1] Rec. Doc. 12, at p.2, ¶II(5).

police departments are not juridical entities capable of suing or being sued.  La. R.S. 33:361.

This Court, as well as other Louisiana courts, has consistently held that a plaintiff's suit against a

police department should be dismissed because the police department is not a juridical entity.[2]

As such, defendant's motion to dismiss plaintiff's claims against the Westwego Police

Department is GRANTED.

### C.    PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §1981, §1986, AND THE FIRST, SIXTH, AND EIGHTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, HAVE BEEN WITHDRAWN.

At Paragraph XII of her Petition, plaintiff asserts that she is entitled to relief under 42

U.S.C. §1981, §1986, and the First, Sixth and Eighth Amendments to the United States

Constitution .  However, plaintiff subsequently removed all references to these claims in her

First Amended and Clarifying/Reinstated Complaint, filed on December 29, 2006 (Rec. Doc.

12).  Accordingly, defendant's motion to dismiss plaintiff's claims under §1981, §1986, and the

First, Sixth and Eighth Amendments to the United States Constitution, is rendered moot.

### D.    PLAINTIFF HAS ALLEGED CLAIMS FOR PUNITIVE DAMAGES AGAINST MICHAEL DAVIS, IN HIS INDIVIDUAL CAPACITY.

The defendants submit that the plaintiff's claims for punitive damages should be

dismissed, as the Fifth Circuit has held that 42 U.S.C. §1983 "precludes plaintiffs from

recovering punitive damages against governments, governmental agencies and political

subdivisions."  Oden v. Oktibbeha County, Mississippi, 246 F.3d 458, 466 (5th Cir. 2001), cert.

---

[2] *See* Carpenter, et al. v. Munch, et al.*,* E.D. La., Civ. No. 03-1706, Rec. Doc. 33 (9/10/04 Minute Entry); Dugas v. City of Breaux Bridge Police Department, 99-1320 (La. App. 3 Cir. 02/02/00), 757 So.2d 741, 744; Causey v. The Parish of Tangipahoa, 167 F.Supp.2d 898, 909 (E.D.La. 2001); Manley v. State, 2001 WL 506175 (E.D. La. 2001); Norwood v. City of Hammond, 1999 WL 777713, at p.3 (E.D. La. 1999); Boudreaux v. Bouregeois, 1999 WL 804080 (E.D. La. 1999).

denied., 122 S.Ct. 341 (2001).  The plaintiff concedes this, however, she contends that in the instant matter, she has alleged that the actions of the individual defendant, Michael Davis, constitutes direct violation of 42 U.S.C. §1983.

Pursuant to §1983, punitive damages may be awarded only if an official's conduct is motivated by evil intent, or demonstrates reckless or callous indifference to a person's constitutional rights.  Smith v. Wade, U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed. 2d 632 (1983).  In Creamer v. Porter, 754 F.2d 1311, the Fifth Circuit allowed a plaintiff to recover punitive damages against the police officer who supervised the search and seizure of plaintiff's residence, which constituted reckless disregard for plaintiff's constitutional rights, violating the Fourth Amendment.  Following the holding in Smith v. Wade, the Court noted that the award of punitive damages is consistent with the purpose of §1983 where such an award will act to deter future egregious conduct in violation of constitutional rights.  Creamer, 754 F.2d at 1319 (citing Smith, 103 S.Ct. 1625, 1628).  As such, defendant's motion to dismiss plaintiff's claims for punitive damages against Michael Davis is DENIED.[3]

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of the defendants is DENIED in part and GRANTED in part.

New Orleans, Louisiana, this 8th day of March, 2007.

---

[3] In Plaintiff's Opposition to Defendant's Motion to Dismiss, Section III, plaintiff first references claims for punitive damages against Michael Davis.  Further in the same section, plaintiff references claims for punitive damages against Michael Davis and Dwayne J. Munch, Sr.  This Court reads Plaintiff's First Amended and Clarifying/Restated Complaint (Rec. Doc. 12) to state that plaintiff seeks to recover punitive damages against only Michael Davis.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**